UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 7 |
| | Involuntary |
| 97 GRAND AVENUE LLC, | Case No: 15-13367-shl |
| Debtor. | |

-----------------------------------------------------------X

**NOTICE OF MOTION PURSUANT TO SECTION 362(d) OF THE
BANKRUPTCY CODE SEEKING RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE,** that on March 10, 2016 at 11:00 a.m, secured creditor J-J Plumbing Corp. (hereinafter, "Movant"), will move before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court, One Bowling Green, Courtroom 701, New York, New York 10004, or as soon thereafter as counsel can be heard for an order, pursuant to 11 U.S.C. § 362(d)(1) and (2) and Federal Rule of Bankruptcy Procedure 4001(a)(1), granting Movant relief from the automatic stay, in order to allow Movant to protect its security interest by filing a cross-claim against 97 Grand Avenue, LLC (the "Debtor"), with respect to its mechanic's lien, which was filed against the Debtor on March 13, 2015, together with such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to this motion must be in writing, filed with the Clerk of the Bankruptcy Court and with Chambers, and received by the Law Offices of Gregory M. Messer, Esq., 26 Court Street, Suite 2400, Brooklyn, New York 11242 in accordance with the Local Rules of Bankruptcy Procedure for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that, unless objections are timely received and filed, the Motion may be granted without further notice.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time without notice other than by announcement of the adjourned date in open court or by posting such adjourned date on the Court's calendar on the aforementioned date.

Dated: Brooklyn, New York
February 9, 2016

                              Respectfully submitted,

                              Law Office of Gregory Messer
                              Attorney for J-J Plumbing Corp.

By:      ***s/ Gregory M. Messer***
           Gregory M. Messer
      26 Court Street, Suite 2400
      Brooklyn, New York  11242
      Tel: (718) 858-1474
      Fax: (718) 797-5360

TO:   **See Attached List**

```
Label Matrix for local noticing            97 Grand Ave Brooklyn First LLC         97 Grand Avenue LLC
0208-1                                     c/o Kriss & Feuerstein LLP              1324 46th Street
Case 15-13367-shl                          360 Lexington Ave, STE 1200             Brooklyn, NY 11219-2139
Southern District of New York              New York, NY 10017-6502
Manhattan
Mon Feb  8 17:19:14 EST 2016

Manhattan Division                         Goldberg & Rimberg PLLC                 J-J Plumbing
One Bowling Green                          Attorneys for Abraham Leser             1152 Longfello Avenue
New York, NY 10004-1415                    Attn:  Steven A. Weg                    Bronx, New York 10459-2607
                                           115 Broadway, 3rd Floor
                                           New York, New York 10006-1639


Kriss & Feuerstein LLP                     LAW OFFICE OF GREGORY MESSER            Morrison Cohen LLP
Attorneys for Debtor                       Attorneys for J-J Plumbing Corporation  Attorneys for Moshe Oratz
360 Lexington Avenue, Ste 1200             Attn:  Gregory Messer, Esq.             Attn: Robert K. Dakis Esq.
New York, New York 10017-6502              26 Court Street, Suite 2400             Brett D. Dockwell, Esq.
                                           Brooklyn, NY 11242-1124                 909 Third Avenue
                                                                                   New York, NY 10022-4731


Teitelbaum & Baskin, LLC                   United States Trustee                   Abraham Leser
Attorneys for Aaron Drazin                 Office of the United States Trustee     c/o Goldberg & Rimberg PLLC
Attn:  Jay Teitelbaum, Esq.                U.S. Federal Office Building            115 Broadway
1 Barker Avenue, Third Floor               201 Varick Street, Room 1006            3rd Floor
White Plains, New York 10601-1517          New York, NY 10014-9449                 New York, NY 10006-1639


Moshe Oratz
C/O Morrison Cohen, LLP
C/O Morrison Cohen LLP
Attn: Robert Dakis, Brett Dockwell
909 Third Avenue
New York, NY 10022-4784
```

              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Chun Peter Dong                         (u)J-J Plumbing                         (u)Aaron Drazin




End of Label Matrix
Mailable recipients    12
Bypassed recipients     3
Total                  15

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 7 |
| | Involuntary |
| 97 GRAND AVENUE LLC, | Case No: 15-13367-shl |
| Debtor. | |

------------------------------------------------------------X

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

TO:   UNITED STATES BANKRUPTCY COURT
      SOUTHERN DISTRICT OF NEW YORK

Pursuant to 11 U.S.C. § 362(a) and Federal Rule of Bankruptcy Procedure 4001(a), j-j Plumbing Corp., (the "Movant") moves for an order granting Movant relief from the automatic stay, in order to protect its interest secured by a mechanic's lien against the real property commonly known as 97-101 Grand Street a/k/a 96 Steuben Street, Brooklyn, New York 11205 Block 1893 Lot 4 (the "Property"), by asserting cross-claims against 97 Grand Avenue LLC (the "Purported Debtor") in the mortgage foreclosure action commenced against the Debtor and the Movant, among other defendants, by 97 Grand Ave Brooklyn First LLC (the "Mortgagee") in the Supreme Court of the State of New York, County of Kings, Index Number 509707/2015 (the "Foreclosure Action"), and for such other and further relief this Court deems just and proper (the "Motion").

In further support of the Motion, Movant respectfully sets forth as follows:

A. Relevant Background

1.   Between August 1, 2013 and October 30, 2014, the Movant supplied and installed plumbing and fire sprinkler materials, among other work, for the Purported Debtor in connection with improvements performed on the Property at an agreed price of $804,936.00.

2. As of March 11, 2015, $118,000.00 of that price remained outstanding, and the Movant filed a notice under New York Lien Law § 13 with the Clerk of Kings County on March 13, 2015. A copy of that notice is annexed hereto as **Exhibit A**. No amount of such lien has been paid to date.

3. On August 6, 2015, the Mortgagee commenced a foreclosure action against the Debtor, naming the Movant as a co-defendant.

4. On December 28, 2015, an involuntary petition under chapter 7 of the Bankruptcy Code was filed against the Debtor by Chun Peter Dong (the "Petitioning Creditor").

B. The Court Should Grant Relief from the Automatic Stay

5. Section 362(d) of the Bankruptcy Code provides, after notice and a hearing, for relief from the automatic stay . . . for cause, including the lack of adequate protection of an interest in property of [the Movant]. 11 U.S.C. § 362(d)(1)

6. Section 17 of the Lien Law of New York states, in relevant part, "No lien specified in this article shall be a lien for a longer period than one year . . . unless within that time an action is commenced to foreclose the lien."

7. There is cause for granting relief from the automatic stay because the Movant's mechanic's lien will expire on or around March 13, 2016, unless the Movant can take action to foreclose on it.

8. The foregoing facts establish that the Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

**NOTICE**

9. Notice of this motion shall be provided to (i) the Purported Debtor; (ii) the Petitioning Creditor; (iii) Counsel to the Purported Debtor, as reflected in the two

stipulations to extend its time to answer the involuntary petition; and (iv) all parties who have filed notices of appearance in this case.  The Movant submits that such notice is adequate and proper under the circumstances.

## WAIVER OF MEMORANDUM OF LAW

10. As there are no novel issues raise by this Motion, and because the relevant authorities in support of the relief requested are cited herein, the Movant respectfully requests a waiver of the filing of a memorandum of law.

WHEREFORE, the Movant respectfully requests that the automatic stay be vacated in order that Movant may protect its interest in the Property by asserting cross-claims in the Foreclosure Action to foreclose on its lien, and that the Court grant such other and further relief as it shall deem just and proper.

Dated: Brooklyn, New York
February 9, 2016

                Respectfully submitted,

                Law Office of Gregory Messer
                Attorney for J-J Plumbing Corp.

By:     *s/ Gregory M. Messer*
                Gregory M. Messer
                26 Court Street, Suite 2400
                Brooklyn, New York  11242
                Tel: (718) 858-1474
                Fax: (718) 797-5360