| | |
|---|---|
| DELBELLO DONNELLAN WEINGARTEN<br>WISE & WIEDERKEHR, LLP<br>*Proposed Attorneys for the Debtor*<br>One North Lexington Avenue, 11th Floor<br>White Plains, New York 10601<br>(914) 681-0200<br>Jonathan S. Pasternak, Esq.<br>Julie Cvek Curley, Esq. | *Hearing Date: April 28, 2016*<br>*Hearing Time: 11:00 a.m.* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

97 GRAND AVENUE, LLC,                                      Chapter 11
                                                           Case No. 15-13367(SHL)

                      Debtor.
----------------------------------------------------------------X

### DEBTOR'S RESPONSE TO OBJECTIONS TO DEBTOR'S MOTION IN SUPPORT OF APPROVAL OF SETTLEMENT AGREEMENT BETWEEN, INTER ALIA, THE ALLEGED DEBTOR AND AARON DRAZIN PURSUANT TO BANKRUPTCY RULE 9019

**TO:**    **THE HONORABLE SEAN H. LANE,**
         **UNITED STATES BANKRUPTCY JUDGE:**

97 Grand Avenue, LLC, the above captioned debtor and debtor in possession (the "Debtor"), by its undersigned attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, hereby files this Response in further support of and in response to various objections filed in opposition to the Debtor's motion ("Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("FRBP") for approval of the Settlement Agreement (the "Drazin Settlement Agreement") by and between, *inter alia,* the Debtor and Aaron Drazin ("Drazin"), which settlement agreement, *inter alia,* effectively resolves all pending disputes between the respective parties, satisfies Drazin's claims against the Debtor and will help facilitate the sale of the Property (defined below) to the benefit of the estate and its other creditors and ***without***

*utilizing any estate assets or incurring any claims against the estate by virtue of effectuating the settlement..* In further support of this Motion, the Debtor respectfully states as follows:

### RESPONSE TO LIMITED OBJECTION FILED BY OFFICE OF CITY MARSHAL

1. The parties have resolved this limited objection by providing for the payment of the City Marshal's poundage and fees simultaneously with the making of the Drazin settlement payment from the same non-Debtor, non-insider Madison affiliate party who is funding the Drazin settlement payment. Similar to the Drazin payment, this additional payment has no impact on the estate, is not being paid with estate assets and does not result in any claim or liability against the debtor or its estate.

### RESPONSE TO OBJECTION FILED BY STATE COURT RECEIVER

2. The Debtor proposes to resolve this objection by paying the receiver's de minimus fee of $3,090 from its operating account. Madison has consented to this use of its cash collateral.

3. In exchange for such payment, the receiver will be required to execute a Stipulation Discharging Receiver in the Drazin State Court, Kings County Action, Index No. 512405/2014.

### RESPONSE TO LIMITED OPPOSTION AND RESERVATION OF RIGHTS FILED ON BEHALF OF HS 45 JOHN LLC

4. As the Court is aware, the Court has already entered a Consent Order in the HS 45 John LLC Chapter 11 case governing the payment of certain obligations of Messrs. Sprei and Miller in connection with the confirmed Plan in that case.

5. The Debtor is not an obligor under said Consent Order.

6. Counsel for HS 45 John LLC asserts that the Drazin settlement is somehow

subject to the injunction issued in that case against various Sprei and Miller interests. However, noting contained in the Drazin Settlement Agreement involves the assignment, transfer, pledge or hypothecation of any of the Debtor's assets or its membership interests.

7.      While the Debtor is cognizant of the fact that the HS 45 John injunction needs to be ultimately lifted so that the Debtor may sell its property and confirm a Plan, there is nothing in the Drazin Settlement Agreement that affects or violates the injunction.

8.      Notwithstanding, the Debtor and Madison are prepared to represent on the record that $275,000 payment due from Sprei and Miller under the HS 45 John Consent Order will be paid on or before May 5, 2016 provided that the injunctions are permanently lifted.

9.      While the Debtor is even prepared to add such representation into the Drazin Settlement Agreement approval order, neither the Debtor nor Drazin are willing, nor should they be required, to *condition approval* of the Drazin Settlement Agreement on such prospective payment.

10.     Whatever rights or claims HS 45 John has under the Consent Order are unaffected by the Drazin Settlement Agreement.

11.     Accordingly, there is no cause, reason or justification to condition the very advantageous Drazin settlement to the payment required by Miller and Sprei under the HS 45 John Consent Order.

### RESPONSE TO OBJECTION OF CHUN PETER DONG

12.     Mr. Dong, a disputed creditor of the Debtor, makes several points in his objection; however, none of them question the benefits of the Drazin Settlement or how it falls way above the lowest range of reasonableness required for approval of such a settlement under the standards governing approval of settlement under Bankruptcy Rule 9019.

13. Mr. Dong also alleges that not all of the Debtor's creditors were served with the motion. To the contrary, all known and recorded creditors were given full notice of the motion to approve the settlement as evidenced by the Affidavit of Service of Linda Carol Barry filed on the ECF system.

14. What Mr. Dong fails to address is how the Drazin Settlement - a settlement that does not require the expending or use of any of the Debtor's assets not results in any additional or concomitant claims against the Debtor's estate does anything other than materially benefit the estate, avoid significant litigation inside and outside the Chapter 11 case, and confers significant benefits upon the estate in the form of a release of substantial adjudicated claims, termination of the state court receivership and pending appeals of the Drazin judgment.

15. All of these benefits are being accomplished without the need for use of any of the Debtor's assets or incurrence of claims against its estate.

16. As fully disclosed in the Motion, the Drazin Settlement is being funded by an affiliate of Madison, which funding does not or will not result in any additional claims against the Debtor.

17. The Drazin judgment, although entered within 30 days of the involuntary petition, is based upon a fully adjudicated litigation and decision and order by the State Court.

18. As of today, the Judgment, with interest and fees accrued thereon, and even after crediting a $130,000 payment by Harry Miller through judgment execution enforcement against him personally[1], still exceeds $1,600,000. The Drazin Settlement therefore results in a discount and compromise of Drazin's maximum assertable claim at no cost or consequence to the

---

[1] This disclosure resolves Dong's issue concerning whether any payments had been made on account of the Drazin judgment to date.

4

Debtor's estate.

19. As a result of the structure of the Drazin Settlement, which resolves claims and matters involving primarily non-Debtor parties, the Debtor is not preferring Drazin over other creditors, as no property of the estate is being used to satisfy Drazin's claim.

20. Dong seems to imply that his claim should somehow be paid at this time as well. However, Dong's claim is fully disputed at this time, and further litigation and or negotiation will be required before Dong has any allowed claim in this case.

21. The allowance of Dong's claim can be determined by this Court in the ordinary course of the Chapter 11 proceedings.

22. In light of the above responses, coupled with the inescapable fact that the Drazin settlement is clearly in the best interests of the estate and falls way above the lowest range of reasonableness, and that there is further no prejudice to Dong or any other claimed creditor, the Dong objection should be overruled and the Drazin Settlement Agreement approved in all respects.

**WHEREFORE,** the Debtor respectfully requests that the Court approve and authorize the Drazin Settlement Agreement, together with such other and further relief as is just and proper under the circumstances.

Dated: White Plains, New York
 April 13, 2016

 DELBELLO DONNELLAN WEINGARTEN
 WISE & WIEDERKEHR, LLP
 *Proposed Attorneys for the Debtor*
 One North Lexington Avenue, 11th Floor
 White Plains, New York 10601
 (914) 681-0200

 By: */s/ Jonathan S. Pasternak*
 Jonathan S. Pasternak

5