**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 97 GRAND AVENUE,  LLC, | Case No. 15-13367 (SHL) |
| Debtor. | |

## ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASES AMONG, INTER ALIA, THE DEBTOR AND AARON DRAZIN

Upon the motion (the "Motion")[1] of 97 Grand Avenue, LLC, alleged Debtor (the "Debtor"), for entry of an order for entry of an order authorizing and approving  the Settlement Agreement and Releases dated as of April 13, 2016 (the "Drazin Settlement Agreement") by and amongst, inter alia, the Debtor and Aaron Drazin ("Drazin") a copy of which is attached to the Motion as Exhibit A, and  authorizing the Debtor to take and perform such other actions as may be necessary or appropriate to implement and effectuate the Drazin Settlement Agreement, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and Amended Standing Order M-431, dated February 1, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Motion; and HS John 45, LLC, Chun Peter Dong, Richard Klass, Esq., and the Office of the City Marshall Justin Grossman each having filed objections to the Motion (collectively, the "Objections") and hearings having been held to consider the Motion on April 28, 2016 and May 9, 2016 (collectively, the "Hearing");

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

and it further appearing that HS 45 John, LLC ("45 John") having received, on May 5, 2016, the

sum of $275,000 in full and final satisfaction of the obligations owed to 45 John under the order

dated March 31, 2016 in the 45 John bankruptcy proceeding (Case No. 15-10368) including but

not limited to the injunctions contained in the Consent Order Granting Plaintiff's Motion For a

Preliminary Injunction entered in the 45 John bankruptcy case on July 29, 2015 (ECF Doc. 105) ;

***and additional disclosures having been made on the record about the settlement, including the***

***source of the payment and related details;*** and the Court having determined that adequate notice

having been given, each of the Objections  having been resolved, the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon

all of the proceedings had before the Court and after due deliberation and sufficient cause

appearing therefor, it is hereby

**ORDERED,** that the relief requested in the Motion is hereby granted in its entirety; and

it is further

**ORDERED,** that the Drazin Settlement Agreement, a copy of which is attached hereto as

Exhibit 1, is hereby approved in all respects pursuant to Bankruptcy Rule 9019 and Bankruptcy

Code §105; and it is further

**ORDERED**, that the Debtor is authorized and directed to take and perform such other

actions as may be necessary or appropriate to implement and effectuate the Drazin Settlement

Agreement; and it is further

**ORDERED,** that the Madison Affiliated Entity shall make the Drazin Settlement

Payment no later than five (5) business days after entry of this Order; and it is further

**ORDERED,** that the Debtor will pay, within five (5) business days of entry of this Order,

the sum of $3,090 to Richard Klass, Esq., the pre-petition receiver (the "Receiver") in exchange

for the Receiver executing a stipulation  discharging receiver to be submitted in the Turnover Action; and it is further

**ORDERED,** that the Debtor shall pay within five (5) business days of entry of this Order,, the sum of $74,194 to the Office of City Marshall Justin Grossman ("City Marshal") in full and final satisfaction of all claims of the City Marshal relating to the judgments entered in favor of Drazin in the State Court Actions, *provided that* the City Marshal's levies shall remain in place and continue in effect until such time as payment is received; and it is further

**ORDERED**, that the automatic stay is hereby modified to allow the parties to take all actions necessary to implement the Drazin Settlement Agreement; and it is further

**ORDERED,** that, notwithstanding the possible applicability of Bankruptcy Rules 4001(d), 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. For purposes of clarification, the obligation of the Madison Lenders to make the Drazin Settlement Payment within five (5) business days of entry of this Order is conditioned upon the waiver of any stays set forth in the aforementioned Bankruptcy Rules or otherwise. In the event there is no waiver of any stay, the Drazin Settlement Payment shall be made on the next business day following this Order becoming final; and it is further

**ORDERED,** that the terms of the Drazin Settlement Agreement are to be complied with by all parties thereto as soon as this Order becomes effective; and it is further

**ORDERED**, that to further clarify Sections 5 and 6 of the Settlement Agreement, within five (5) days of receipt of the Drazin Settlement Payment, Drazin and his counsel shall deliver to counsel for the Madison Parties, with a copy to counsel for Dong, any and all stipulations of discontinuance, satisfactions of judgment and release/waivers of liens, restraints, encumbrances

and/or lis pendens executed in connection with the Drazin Settlement Agreement, or which otherwise were issued or executed in favor of Drazin in connection with his claims or Judgment against Chaim Miller, Sam Sprei or the Debtor, for filing and/or recording, and shall cooperate with the Parties to the Settlement Agreement and the Madison Parties to execute such other documents or agreements as may be requested by the  Parties to the Settlement Agreement or the Madison Parties to implement the Settlement Agreement, including to release and discharge all liens and claims against the Property, and against any of the other properties or subject matter referenced in the Drazin Settlement Agreement, and against all other property liens, encumbrances and restraints in favor of Drazin, including those arising from the Turnover Order and Judgment; and it is further

**ORDERED,** that this Court retains jurisdiction to implement and enforce the terms of this Order.

Dated: New York, New York
        May 17, 2016

                                        */s/ Sean H. Lane*
                                        HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

## SETTLEMENT AGREEMENT AND RELEASES

THIS SETTLEMENT AGREEMENT AND EACH OF THE RELEASES ANNEXED HERETO (together, the "**Agreement**") is made as of April 13, 2016, by and among 97 Grand Avenue, LLC, a Delaware LLC with an address at 1264 41st Street Brooklyn, N.Y. 11218, the alleged Chapter 7 Debtor in an involuntary bankruptcy proceeding captioned, *In re 97 Grand Avenue, LLC, Debtor,* United States Bankruptcy Court, Southern District of New York, Case No. 15-13367(SHL) ("**Grand Avenue**" or the "**Debtor**"), 97 Grand Avenue Member, LLC, a New York LLC with an address at 1264 41st Street Brooklyn, N.Y. 11218 ("**Grand Avenue Member LLC**"), Sam Sprei a/k/a Shimi Sprei, an individual with an address at 1264 41st Street Brooklyn, N.Y. 11218 ("**Sprei**"), Chaim Miller a/k/a Harry Miller, an individual with an address at 1324 46th Street Brooklyn, N.Y. 11219 ("**Miller**"), 11-45 Ryerson Holding, LLC, with an address at 1264 41st Street Brooklyn, N.Y. 11218 ("**Ryerson**"), and Aaron Drazin, an individual with an address at 4950 Queen Mary Rd. Suite 500 Montreal, Canada H3W1X3 ("**Drazin**" and collectively with Grand Avenue, Grand Avenue Member LLC, Sprei, Miller and Ryerson, the "**Parties**").

## RECITALS

WHEREAS, the Parties recite the following for purposes of this Agreement:

A.    On December 28, 2015, (the "**Petition Date**"), Chun Peter Dong, an alleged creditor of Grand Avenue caused an involuntary petition under Chapter 7 of the Bankruptcy Code (the "**Petition**") to be filed against Grand Avenue in the United States Bankruptcy Court, Southern District of New York (the "**Bankruptcy Court**"), in Case No. 15-13367(SHL) (the "**Bankruptcy Case**").

B.    The time for Grand Avenue to respond to the Petition was adjourned on consent from time to time.

1

C.      On February 26, 2016, Grand Avenue timely answered the Petition (ECF Docket No. 17).

D.      As of the date hereof no order for relief has been entered in the Bankruptcy Case.

E.      As of the date hereof no trustee or committee has been appointed in the Bankruptcy Case.

F.      Grand Avenue is a single asset real estate company with its only asset being certain real property identified as 97-101 Grand Avenue, a/k/a 96 Steuben Street, Brooklyn, New York 11205 (the "**Property**").

G.      As of the Petition Date there exist 6 actions in New York State Courts concerning or involving Drazin, Grand Avenue, Grand Avenue Member Sprei and/or Miller to be resolved by this Agreement:

- *Bao Di Liu, Plaintiff, v. Sam Sprei, Harry Miller a/k/a Chaim Miller, Xiu Yu Huang and 3 Mitchell Place Loft, LLC, Defendants,* New York State Supreme Court, New York County, Index No. 156325/2015 (the "**Liu Action**")

- *Aaron Drazin, Plaintiff, v. Sam Sprei a/k/a Shimi Sprei, Defendant,* New York State Supreme Court, Kings County, Index No. 2769/2012 (the "**Sprei Action**")

- *Aaron Drazin, Plaintiff, v. The Leser Group and Abraham Leser, Defendants, and The Leser Group and Abraham Leser, Third Party Plaintiffs, v. Sam Sprei a/k/a Shimi Sprei and Charles Mandelbaum Third Party Defendants,* New York State Supreme Court, Kings County, Index No. 7386/2012 (the "**Leser Action**")

2

- *Aaron Drazin, Petitioner, Judgment Creditor, v. Morgan Stanley Smith Barney, LLC, a/k/a Morgan Stanley and Elky Miller, Respondents, and Harry a/k/a Chaim Miller, Judgment Debtor,* New York State Supreme Court, New York County, Index No. 150738/2016 (the "**Morgan Stanley Proceeding**")

- *Aaron Drazin, Plaintiff, v. Chaim Miller a/k/a Harry Miller, Sam Sprei, a/k/a Shimi Sprei, 97 Grand Avenue LLC and 11-45 Ryerson Holding, LLC Defendants,* New York State Supreme Court, Kings County, Index No. 512405/2014 (the "**Turnover Action**")

- 97 Grand Ave Brooklyn First LLC , Plaintiff, V.97 Grand Avenue LLC, Sy Grand Avenue LLC, New York City Environmental Control Board, Xi Hiu Wu, SNL Construction Services Corp., Top Shelf Electric Corporation, J-J Plumbing Corp., South Shore Drywall Inc., Dan Yun Dong, Yip Chin Yeung, Hong Cheng Yang, Bing Xiao, Ting Kin Li, Ho Kam Li-Chuck, Zhi F. Chen, Craig Pio, Jin Yun Xhang, Xiu Qin Lin, Chun Peter Dong, Aaron Drazin, Moshe Oratz And "John Doe #1 Through John Doe #12", the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the premises described in the Complaint, Defendants., New York State Supreme Court, Kings County Index No. 509707/2015 (the "**Madison Foreclosure Action**").

3

(Collectively, the Liu Action, the Sprei Action, the Leser Action, the Morgan Stanley Proceedings, the Turnover Action and the Madison Foreclosure Action are referred to as the "**State Court Actions**").

H.    Prior to the Petition Date, in the Sprei Action, by confession of judgment entered February 3, 2012 in the New York State Supreme Court, Kings County, Drazin obtained a judgment against Sprei for the principal amount of $1,469,147.28, plus interest at the judgment rate of 9% from and after February 3, 2012 (the "**Sprei Judgment**").

I.    On December 31, 2014, Drazin commenced the Turnover Action seeking a turnover order and judgment in connection with alleged fraudulent transfers by Sprei, Miller, Grand Avenue and 11-45 Ryerson Holding, LLC ("**Ryerson**") in violation of the Sprei Judgment.

J.    On December 4, 2015, the Court in the Turnover Action entered an order and judgment (the "**Turnover Order and Judgment**") in favor of Drazin against each of Sprei, Miller, Grand Avenue and Ryerson Properties, jointly and severally in the principal sum of $1,566,172.55, plus interest at the judgment rate of 9% from and after November 13, 2015, plus attorneys' fees and expenses in an amount to be determined, in connection with violations of the Sprei Judgment.

K.    Intentionally Omitted.

L.    Pursuant to the Turnover Order, the Court appointed Richard A. Klass, Esq. as receiver (the "**Receiver**") to sell the Property and directed the principals of Grand Avenue and Grand Avenue Member LLC to deliver to the Receiver their membership certificates.

M.    Pursuant to the Turnover Order, the Court directed Grand Avenue and Grand Avenue Member LLC to deliver to Drazin a deed for the Property.

4

N.      On July 2, 2015 a Notice of Pendency was recorded in the Turnover Action by Drazin by order of the New York State Supreme Court against the Property.

O.      On December 3, 2015 the Turnover Order and Judgment was recorded as a lien against the Property.

P.      Drazin has undertaken various post-judgment collection efforts in furtherance of the Sprei Judgment and the Turnover Order and Judgment. All funds collected in connection therewith are referred to herein as the "**Recovered Funds**").

Q.      Counsel for the Debtor has represented to counsel for Drazin that the Debtor intends to seek an order for relief under Chapter 11 of the Bankruptcy Code in order to facilitate a sale of the Property pursuant to a Chapter 11 plan.

R.      Counsel for the Debtor has represented to counsel for Drazin that the sum of One Million Two Hundred Thirty Five Thousand 00/100 Dollars ($1,235,000.00) (the "**Settlement Payment**") to fund payment to Drazin (the "**Settlement Amount**") is committed from a third party subject only to an order by the Bankruptcy Court approving this Agreement becoming final and non-appealable.

S.      Counsel to 97 Grand Ave Brooklyn First LLC, 203-205 N.8th Street LLC, SDF47 Ryerson 1 LLC, SDF47 Ryerson 2 LLC, SDF47 Ryerson 3 LLC, SDF47 Ryerson Street LLC, 3052 Brighton 1st Street LLC and 97 Grand Ave BK LLC (collectively, the "**Madison Parties**") represents that one or more of such parties is funding the Settlement Payment with readily available and committed funds which will be delivered into escrow to Teitelbaum Law Group, LLC, counsel for Drazin, as escrow agent (the "**Escrow Agent**") on the first business day following the order by the Bankruptcy Court approving this Agreement becoming final and non-appealable in accordance with this Agreement.

5

T.      Any person or entity executing a Release in connection with this Agreement, who is not a Party, shall be referred to as a "**Releasing Party**".

U.      The Parties and Releasing Parties wish to resolve their various disputes pursuant to the terms of the Agreement and the accompanying Releases as approved by the Bankruptcy Court.

## AGREEMENT

NOW, THEREFORE, in consideration of the covenants, agreements and releases set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the undersigned Parties do hereby covenant and agree as follows:

Terms and Conditions

1)  Incorporation by Reference: Each of the Whereas Clauses set forth above are incorporated herein by reference as if fully set forth and are expressly relied upon by the Parties in entering into the Agreement.

2)  Payment to Drazin.

a)  The Madison Parties shall wire the Settlement Payment to the Escrow Agent before the close of the first business day following entry of an order by the Bankruptcy Court approving this Agreement-becoming final and non appealable[1] pursuant to Bankruptcy Rules 4001(c) and 8002) -time being of the essence-- as follows:

| | |
|---|---|
| **Bank:** | TD Bank, N.A |
| **Address:** | TD Bank, N.A. |
| | 241 Marble Avenue |
| | Thornwood, NY 10594 |
| | **ABA No.:**    031201360 |
| | **Account:**    Teitelbaum Law Group, LLC, Escrow Account |

---

[1] For purposes of this Agreement, "final and non-appealable" shall be determined pursuant to Bankruptcy Rules 400 (c) and 8002.

6

Acct. Number: 7923792266

b)  The Escrow Agent shall release the Settlement Payment to Drazin or his designee in full satisfaction of the State Court Actions, the Sprei Judgment, the Turnover Order and Judgment and all other claims in law or equity, known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising in law or equity, asserted or unasserted or otherwise, whether asserted or unasserted, known or unknown, which Drazin has or may have as of the date hereof arising from or relating to the State Court Actions, the Sprei Judgment and the Turnover Order and Judgment against all of the Parties and Releasing Parties.

c)  The Settlement Payment shall be released to Drazin without further notice to any Party promptly following receipt of such funds into Escrow.

3)  <u>Retention of Recovered Funds</u>. In addition to the Settlement Payment, Drazin shall retain all Recovered Funds and no Party or Releasing party, and any or successor assignee of any Party or Releasing Party, including any bankruptcy trustee or receiver, shall seek the avoidance or recovery of such Recovered Funds.  Following execution of this Agreement and pending timely approval of this Agreement pursuant to the terms of this Agreement, Drazin shall cease and desist from pursuing enforcement of the Turnover Order and Judgment, including with respect to enforcement of garnishment and restraining notices served upon Morgan Stanley, provided however that the deadlines in the Morgan Stanley Action shall not be modified except on consent of Drazin.

4)  <u>No Proof of Claim</u>.  Provided this Agreement is executed and approved by the Bankruptcy Court as required herein and there is no Event of Default under this Agreement, Drazin shall

not file any proof of claim in the Bankruptcy Case and shall be deemed to waive any claims

against or interest in the Debtor or its estate.

5) <u>Discontinuance of State Court Actions and Proceedings.</u>

a) Prior to filing this agreement with the Bankruptcy Court for approval pursuant to

Bankruptcy Rule 9019, the Parties shall execute the documents identified in this Section

5 which shall be held in escrow by the Escrow Agent pending approval of this Agreement

by the Bankruptcy Court by an order which becomes final and non-appealable and

release of the Settlement Payment to Drazin. Immediately following entry of an order by

the Bankruptcy Court approving this Agreement which becomes final and non-appealable

and release of the Settlement Payment to Drazin, the documents identified in this section

shall be released to counsel for the Madison Parties for recording. In the event that (i)

this Agreement is not approved by the entry of an order by the Bankruptcy Court on or

before April 28, 2016, or such later date as the Parties may agree in their sole and

absolute discretion ; (ii) or an order approving this Agreement does not become final and

non-appealable on or before May 12, 2016, or such later date as the Parties may agree in

their sole and absolute discretion; or (iii) upon the occurrence of an Event of Default of

which the non-defaulting Party informs the Escrow Agent in writing, the Escrow Agent

shall notify all Parties that the documents identified in this section shall be marked void

by the Escrow Agent. With respect to each of the documents identified in this section, (i)

counsel for the Drazin or the Madison Parties shall prepare the documents; (ii) the Debtor

shall be responsible for (x) identifying all necessary parties to execute the documents, and

(y) obtaining all required signatures, other than from Drazin, and (iii) the Madison Parties

shall be responsible for recording the documents at their cost and expense.

8

i)   The Turnover Action:

   (a) A stipulation in the form annexed hereto as Exhibit A shall be filed with the State Court (i) withdrawing any open or pending motions or orders; and (ii) terminating the appointment of the receiver and any order directing the turnover of any property of the Debtor or any other party to the Receiver pursuant to the Turnover Order and Judgment;

   (b) A stipulation in the form annexed hereto as Exhibit B shall be filed with the State Court withdrawing the Notice of Pendency;

   (c) A satisfaction of the Turnover Order and Judgment in the form annexed hereto as Exhibit C shall be filed with the State Court; and

   (d) A stipulation of dismissal with prejudice of the Turnover Action in the form annexed as Exhibit D shall be filed with the State Court.

ii)   The Sprei Action

   (a) A satisfaction of the Sprei Judgment in the form annexed hereto as Exhibit E shall be filed with the State Court.

iii) The Liu Action:

   (a) A stipulation of dismissal with prejudice of the Turnover Action in the form annexed as Exhibit F shall be filed with the State Court.

iv) The Leser Action

   (a) A stipulation of dismissal with prejudice of the Leser Action in the form annexed as Exhibit G shall be filed with the State Court.

v)   The Morgan Stanley Proceeding:

(a) A notice of dismissal with prejudice of the Morgan Stanley Proceeding in the form annexed as Exhibit H shall be filed with the State Court.

vi) <u>The Madison Foreclosure Action</u>:

(a) Following entry of a final and non appealable order by the Bankruptcy Court approving this Agreement and payment of the Settlement Payment to Drazin, without any further action or notice, hereby withdraws with prejudice the answer filed in this action.

vii) <u>Judgment Enforcement</u>: Following entry of a final and non appealable order by the Bankruptcy Court approving this Agreement and payment of the Settlement Payment to Drazin, without any further action or notice, hereby withdraws all information subpoenas, restraints and garnishments served in connection with the State Court Actions.

6) <u>Withdrawal/ Satisfaction of Recorded Documents With Respect to the Property</u>. To the extent not otherwise filed in connection Section 5 above, and to the extent that there exists no Event of Default, the Parties shall cooperate in providing such additional documents as may be requested by a title insurance company licensed within the State of New York in order for such title company to insure title to the Property, free and clear of the State Court Actions, the Sprei Judgment and the Turnover Order and Judgment, including with respect to (i) CRFN 2015000441106 (Order and Judgment dated December 3, 2015); (ii) CRFN 2015000441107 (Sprei Judgment); (iii) CRFN 2016000009891 (Turnover Order and Judgment); (iv) CRFN 2016000009892 (Order to Show Cause dated December 9, 2015). With respect to each of such documents, (i) Counsel for the Madison Parties shall prepare the documents and deliver same to the Escrow Agent; (ii) the Debtor shall be responsible for (x)

identifying all necessary parties to execute the documents, and (y) obtaining all required signatures other than from Drazin; and (iii) the Madison Parties shall be responsible for filing and recording the documents at their sole cost and expense. All such documents delivered to the Escrow Agent shall be released by the Escrow Agent or marked void by the Escrow Agent in accordance with Section 5 above.

7)  Any legal costs, fees, disbursements, poundage, commissions, of the Receiver and New York City Marshal Justin Grossman arising from or relating to the levy, execution, turnover, or other judgment enforcement actions taken in connection with the Sprei Judgment and the Turnover Order and Judgment shall be borne by the Parties other than Drazin and the Madison Parties.

8)  Releases: Prior to filing this Agreement with the Bankruptcy Court for approval pursuant to Bankruptcy Rule 9019, the Parties and the Release Parties shall execute the Releases in the form annexed hereto as Exhibits I through BB (the "**Releases**") which shall be held in escrow by the Escrow Agent pending an order of the Bankruptcy Court approving this Agreement becoming final and non-appealable and the release of the Settlement Payment to Drazin.  All such Releases delivered to the Escrow Agent shall be released by the Escrow Agent or marked void by the Escrow Agent in accordance with Section 5 above. With respect to each of the documents identified in this section, (i) the Debtor shall be responsible for (x) identifying all necessary parties to execute the documents, (y) obtaining all required signatures, other than from Drazin, and (ii) the Madison Parties shall be responsible for filing and recording the documents at their sole cost and expense.

9)  No Party shall commence or has commenced any judicial, quasi-judicial, religious or other proceeding or arbitration to reject, cancel, avoid, denounce, contest, recant, or otherwise not

11

perform any portion of the Agreement, including any claim the Agreement was entered into under duress. Similarly, all such actions in any judicial, quasi-judicial, religious or other proceeding or arbitration which have already been commenced shall be withdrawn by the parties. No condition or provision contained in this Agreement shall be invalid under the doctrine of *T'nai Koffel* or any other *Halachic* ground including *mesiras moda'a*, all of which are hereby waived and invalidated. The Parties have also executed a *Kinyan* under Jewish law with total awareness, and pursuant to and in accordance with the doctrines of *Bais Din Chashuv, Ofen HaMoel, Lo K'Asmachata U'Delo Ketufsa Deshtara and HaKol Shorir V''kayom*.

Representations and Warranties

10) Authority.  Each of the Parties represents and warrants to each other Party hereto that such party or signatory has full power, authority and legal right and has obtained all of the approvals and consents necessary, to execute, deliver and perform all actions required under this Agreement.

11) Each of the Parties represents and warrants that (i) this Agreement has been read in its entirety; (ii) there has been an adequate opportunity to consider the Agreement and to consult with counsel of their own choosing; (iii) all terms of the Agreement are understood; (iv) all of the terms and conditions contained herein are consented to of his/hers/its own free will without any duress or coercion of any kind; and (v) by signing this Agreement he/she/it is bound by the terms and conditions contained herein.

12) Good Faith Settlement.  The Parties represent, warrant and acknowledge that this Agreement has been negotiated at arm's length and in good faith and that this Agreement constitutes a

good faith settlement of all claims between them and acknowledge that it is entered into freely and voluntarily.

13) No Party shall commence or has commenced any judicial, quasi-judicial, religious or other proceeding or arbitration to reject, cancel, avoid, denounce, contest, recant, or otherwise not perform any portion of the Agreement and releases, including any claim the Agreement and releases were entered into under duress. Similarly, all such actions in any judicial, quasi-judicial, religious or other proceeding or arbitration which have already been commenced have been withdrawn by the parties. No condition or provision contained in this Agreement and releases shall be invalid under the doctrine of *T'nai Koffel* or any other *Halachic* ground including *mesiras moda'a*, all of which are hereby waived and invalidated. The Parties have also executed a *Kinyan* under Jewish law with total awareness, and pursuant to and in accordance with the doctrines of *Bais Din Chashuv, Ofen HaMoel, Lo K'Asmachata U'Delo Ketufsa Deshtara and HaKol Shorir V"kayom.*

14) Counsel for the Debtor represents that the Settlement Payment to fund this Agreement is committed from a third party subject only to an order by the Bankruptcy Court approving this Agreement becoming final and non-appealable.

15) Counsel to the Madison Parties represents that one or more of such parties is funding the Settlement Payment with readily available and committed funds which will be delivered into escrow to the Escrow Agent on the first business day following the order by the Bankruptcy Court approving this Agreement becoming final and non-appealable in accordance with this Agreement.

16) The Parties represent and warrant to each other that they have not relied upon any representation or warranty, express or implied, in entering into this Agreement except those which are expressly set forth herein.

17) Provided that (i) the motion seeking approval of this Agreement pursuant to Bankruptcy Rule 9019 is filed with the Bankruptcy Court with a hearing date of April 28, 2016, (ii) the Escrow Agent receives the Madison Party signatures on Exhibit V to the Agreement by April 13, 2016 (iii) the 9019 Motion is not withdrawn or modified without the consent of Drazin, (iv) this Agreement is not modified or terminated without the consent of Drazin, (v) there is no event of default under this Agreement, and (vi) the 9019 Motion is approved by order of the Bankruptcy Court on April 28, 2016, during the period from April 13, 2016 until April 28, 2016, or such later date as Drazin may agree in his sole discretion, Drazin will forbear from taking action as against the Debtor, the property of the Debtor and/or the Madison Parties. Provided, however, that nothing herein shall prevent Drazin from, in his discretion, taking such action as he determines is necessary to maintain the status quo concerning the State Court Actions or as may be required by a court with jurisdiction over the State Court Actions, or to defend the orders and judgments entered in the State Court Actions, or to himself against claims by third parties.

Conditions Precedent to Effectiveness

18) Execution of Documents. On or before April 28, 2016, this Agreement and all ancillary documents attached hereto or referenced herein shall be executed and delivered to the Escrow Agent.

19) Bankruptcy Court Order. On or before April 15, 2016, the Debtor shall file a motion with the Bankruptcy Court seeking approval of this Agreement pursuant to Bankruptcy Code §105

and Bankruptcy Rule 9019.  On or before April 28, 2016, or such later date as the Parties

may agree in their sole and absolute discretion, there shall be entered an order in the form

annexed hereto as Exhibit CC approving this Agreement.

20) Settlement Payment.

   a)  The Settlement Funds shall be received by the Escrow Agent before the close of the first

       business day following the order approving this Agreement becoming final and non-

       appealable, provided however, in the event of a waiver under Bankruptcy Rule 4001, the

       Settlement Funds shall be delivered no later than the 5th business day following entry of

       the order.

   b)  The Settlement Payment shall be timely made.

21) All representations and warranties shall be true as of the date this Agreement becomes

    effective.

Termination of Agreement

22) This Agreement shall terminate and shall be of no force and effect upon failure of a condition

    precedent. In the event of such a termination, all rights and remedies of Drazin to pursue and

    enforce the State Court Actions, the Sprei Judgment and the Turnover Order and Judgment

    and all other judgments and orders entered in the State Court Actions shall be retained as if

    this Agreement had not been executed.

23) Event of Default and Remedies. The following shall be an Event of Default under this

    Agreement:

   a)  the commencement or continuation of any action based upon any claim, demand, action,

       or cause of action released by this Agreement; t

   b)  the failure to make the Settlement Payment when due;

15

c)  breach of any Term or Condition of this Agreement;

d)  breach of any representation or warranty;

e)  the assertion of any claim by any person, including a trustee in bankruptcy or receiver, to avoid or recover from Drazin any portion of the Settlement Payment or the Recovered Funds, whether on behalf of the Debtor, Sprei, Miller, or any other person or entity claiming any interest in the Settlement Payment or the Recovered Funds;

f)  the avoidance of any or all of the Settlement Payment or the Recovered Funds from Drazin under Chapter 5 of the Bankruptcy Code or otherwise; or

g)  any attempt by any Party or Releasing Party to reject, cancel, avoid, denounce, contest, recant, or otherwise not perform any part of this Agreement.

24) Upon the occurrence of an Event of Default by any Party or Releasing Party other than Drazin, Drazin shall have all rights and remedies available at law and equity, including but not limited to (i) obtaining an order modifying the automatic stay on five days' notice in order to permit Drazin to take all actions permitted under this Agreement; (ii) vacating any notice, stipulation or other document executed in connection with this Agreement and filed or recorded in connection with the State Court Actions, (iii) enforcing the Sprei Judgment and the Turnover Order and Judgment to the full extent of the unpaid amount of such judgments; (ii) retaining the Settlement Payment and the Recovered Funds.

25) Upon the occurrence of an Event of Default by Drazin, the Parties shall have the right to recover the Settlement Payment.

26) This Agreement shall be admissible into evidence without any foundation testimony or authentication testimony whatsoever in connection with the enforcement of this Agreement or the exercise of any rights or remedies upon the occurrence of an Event of Default.

27) In any action brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs.

Miscellaneous

28) <u>Counterparts; Delivery by Facsimile or Electronic Mail</u>.  This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement.  Additionally, signature pages delivered by facsimile or via electronic mail in portable document format (.pdf) shall be deemed originals.

29) <u>Originals For Recording</u>. Notwithstanding Section 27 above, documents to be recorded in connection with this agreement shall be original signatures duly acknowledged.

30) <u>Integration</u>.   This Agreement, together with the exhibits hereto constitutes the entire understanding and agreement between the Parties with respect to the settlement described herein and cancels all previous oral and written negotiations, commitments, and writings in connection therewith and can only be modified by a writing signed by all of the Parties.

31) <u>Retention of Jurisdiction</u>.   The Bankruptcy Court shall retain exclusive jurisdiction to construe, interpret and enforce the terms of this Agreement, including to issue any order or process to restrain and enjoin any Party from proceeding with any judicial, quasi-judicial, religious or other proceeding or arbitration which effects this Agreement.

32) <u>Enforceability of this Agreement</u>.  If any provision of this Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of any other provision of this Agreement.   Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided

17

for herein is illegal, void or unenforceable, the parties agree, promptly upon the request of the other party hereto, to execute a release that is legal and enforceable.

33) <u>Construction</u>.   For purposes of construction, this Agreement shall be deemed to have been jointly drafted by the respective Parties and their counsel, and the rule of construction of contracts that ambiguities are construed against the drafting party shall not be applied against any person.

34) <u>Binding Effect</u>.   This Agreement is binding upon, and shall inure to the benefit of, the Parties and Releasing Parties, and their respective heirs, executors, administrators, predecessors, successors and assigns, including any trustees, administrators, and committees.

35) <u>Governing Law and Venue</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York (without giving effect to its laws of conflicts). The Parties agree that any legal action or proceeding with respect to any of their obligations under this Agreement shall be brought in the Bankruptcy Court; provided however if it shall be determined that the Bankruptcy Court lacks subject matter jurisdiction over such dispute, any such action may be brought in any state or federal court located in the State of New York, County of New York or County of Kings.

36) Notices shall be sent by electronic mail and certified mail, return receipt requested to:

                    If to Aaron Drazin:
                        Jay Teitelbaum, Esq.
                        Teitelbaum Law Group, LLC
                        1 Barker Avenue
                        White Plains, New York 10601
                        Tel: 914-437-7670
                        E.Mail: jteitelbaum@tblawllp.com

                    And

                    Abraham Neuhaus, Esq.
                    Of Counsel

STAHL & ZELMANOVITZ
747 THIRD AVENUE, SUITE 33B
NEW YORK, NY 10017
Tel: (212) 826-6422
E. Mail: aneuhaus@szlawllp.com

If to 97 Grand Avenue LLC, Grand Avenue Member, LLC, 11-45 Ryerson Holding, LLC, Sam Sprei

Jonathan Pasternak
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Phone: (914) 681-0200
E-mail: JPasternak@ddw-law.com

If to Chaim or Elky Miller

Jonathan Pasternak
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Phone: (914) 681-0200
E-mail: JPasternak@ddw-law.com

If to 97 Grand Ave Brooklyn First LLC, 203-205 N.8th Street LLC, SDF47 Ryerson 1 LLC, SDF47 Ryerson 2 LLC, SDF47 Ryerson 3 LLC, SDF47 Ryerson Street LLC

Jerold C. Feuerstein, Esq.
Kriss & Feuerstein LLP
360 Lexington Avenue, Suite 1200
New York, NY 10017
Tel.: 212-661-2900 ext. 4110
E. Mail: jfeuerstein@kandfllp.com

All notices shall be effective when sent.

37) <u>Headings</u>.  Section headings herein are for convenience of reference only and shall in no way affect the interpretation of the Agreement.

38) <u>Severability</u>.  A determination that any provision of this Agreement is unenforceable shall not affect the enforceability of any other provision of the Agreement generally.

39) This Agreement may not be changed, modified or amended in any manner or form unless memorialized by a written document signed by and/or on behalf the Parties.


IN WITNESS WHEREOF, the Parties and Releasing Parties hereto have executed this Agreement or have caused this Agreement to be executed by the respective officers thereunto duly authorized, effective as of the day and year first written above.

**[signature page to follow]**

97 Grand Avenue, LLC, a Delaware LLC

By:  /s/ Chaim Miller_____
Name: Chaim Miller
Title:


97 Grand Avenue Member LLC a New York LLC

By:  /s/ Chaim Miller_____
Name: Chaim Miller
Title:


/s/ Sam Sprei_____
Sam Sprei a/k/a Shimi Sprei


11-45 Ryerson Holdings LLC

By:  /s/ Chaim Miller_____
Name: Chaim MIller
Title:


/s/Chaim Miller_____
Chaim Miller a/k/a Harry Miller


/s/ Aaron Drazin_____
Aaron Drazin

Solely with respect to the representation in Section 14

DelBello Donnellan Weingarten Wise & Wiederkehr, LLP

By:  /s/ Jonathan Pasternak
Name: Jonathan Pasternak
Title: Partner

Solely with respect to the representation in Section 15

Kriss & Feuerstein LLP

By:     /s/ Jerold C. Feuerstein
Name: Jerold C. Feuerstein
Title: Partner