UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
In re                                                   :    Chapter 11
                                                        :
97 GRAND AVENUE, LLC,                                   :
                                                        :    Case No. 15-13367 (SHL)
                                                        :
                    Debtor.                             :
--------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S
MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), does hereby make this motion (the "Motion"), pursuant to 11 U.S.C. § 1112(b), for an order converting the Chapter 11 case of 8 West 58th Street Hospitality, LLC (the "Debtor") to Chapter 7.

**Introduction**

The Debtor's operating reports state that $374,968.47 has been withdrawn from the Debtor's estates in the last six months for the benefit of the Debtor's owners. No explanation has been provided to the United States Trustee to justify this diversion of funds. Accordingly, there appears to be gross mismanagement in the operation of the Debtor's estate constituting cause to convert this case to Chapter 7.

**Facts**

**General Background**

1.  On December 28, 2015, an involuntary Chapter 7 petition was filed against the Debtor. ECF Doc. No. 1.

1

2. On April 13, 2015, the Debtor moved to convert its involuntary Chapter 7 case to a voluntary Chapter 11 case. ECF No. 21. The Court granted the Debtor's motion and a Chapter 11 order for relief was entered. ECF No. 22

3. According to the Debtor's Bankruptcy Schedules, the Debtor's primary assets consist of (1) an 11 story residential apartment building located at 97-111 Grand Avenue, Brooklyn, NY and (2) a 35 unit residential apartment in Brooklyn, NY. See Bankruptcy Schedule A, ECF No. 48. The Debtor lists the value of each building as $21,000,000. Id. Secured claims against the buildings are listed in the amount of $43,334,339.70. See Bankruptcy Schedule D, ECF No. 48

4. Because of the lack of creditor interest, the Unites States Trustee has been unable to form an official committee of unsecured creditors.

**Insiders Have Withdrawn $374,968.47 From the Debtor's Estate**

5. The Debtor's operating reports show that the Debtor's insiders have withdrawn an aggregate of $374,968.47 from the Debtor's estates. See Declaration of Paul Schwartzberg attached hereto as Exhibit 1. No explanation has been provided to the United States Trustee for payment of these funds to the Debtor's insiders. Id.

6. Specifically, the Debtor's April-May, 2016 operating report (the "April-May Report") lists a $153,5000 "owner draw" to the sole proprietors for services rendered to the bankruptcy estate. See April-May Report at Schedule of Cash Receipts and Disbursements, ECF No. 61.

7. The Debtor's June, 2016 operating report (the "June Report") lists a $16,586.47 "owner draw" to the sole proprietors for services rendered to the bankruptcy estate. See June Report at Schedule of Cash Receipts and Disbursements, ECF No. 65.

8.      The Debtor's July, 2016 operating report (the "July Report") lists a $75,000 "owner draw" to the sole proprietors for services rendered to the bankruptcy estate.  See July Report at Schedule of Cash Receipts and Disbursements, ECF No. 67.

9.      The Debtor's September, 2016 operating report (the "September Report") lists a $205,000 "owner draw" to the sole proprietors for services rendered to the bankruptcy estate. See June Report at Schedule of Cash Receipts and Disbursements, ECF No. 85.

10.     The September Report shows that, at the United States Trustee's admonition, $75,000 was returned to the estate, leaving a net amount of $374,968.47 to insiders from the estate since the entry of the order for relief.  See September Report at Payments to Insiders and Professionals.

## Argument

### Cause Exists to Convert this Case

Section 1112(b)(1) of the Bankruptcy Code describes a variety of factors which may constitute "cause" for the conversion of a Chapter 11 case to a Chapter 7.  See 11 U.S.C. § 1112(b).  Under this provision, the court may find cause in the following circumstances, among others:

(B) gross mismanagement of the estate:

11 U.S.C. § 1112(b)(4)(B).

In order for mismanagement to be "gross" it must be "glaringly noticeable usu[ally] because of inexcusable badness or objectionableness." *In re 210 W. Liberty Holdings, LLC*, Case No. 08-677, 2009 Bankr. LEXIS 1706, at *16 (Bankr. N.D. W. Va.  May 29, 2009) (citing *Webster's Ninth New Collegiate Dictionary* 538 (1991)).

3

As a debtor-in-possession, the Debtor and its insiders owe fiduciary duties to its creditors and are obligated to follow the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  *See In re Wallace*, Case No. 09-20496-TLM, 2010 Bankr. LEXIS 261, at * 16 (Bankr. D. Idaho Jan. 26, 2010).

In the instant case, the Debtor's insiders have withdrawn $374,968.47 from the estate. The apparent misuse of estate funds for personal purposes bespeaks of a serious disregard of fiduciary duties by the Debtor's management.  Consequently, the Debtor's management grossly mismanaged the Debtor's estate and cause exists to convert the Debtor's Chapter 11 case to a case under Chapter 7.  *See 210 W. Liberty Holdings*, 2009 Bankr. LEXIS 1706, at *18 (converting a chapter 11 case to chapter 7 for gross mismanagement of the estate for cause, which included receiving post-petition funds without court approval, failing to correct fire code violations, and failing to file operating reports timely).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this Chapter 11 case to Chapter 7 and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
November 18, 2016

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Paul K. Schwartzberg*
Paul Schwartzberg
Trial Attorney
Office of the United States Trustee
201 Varick Street, Room 1006
New York, NY 10014
(212) 510 0500

4